**United States District Court**
**District of Massachusetts**

|  |  |
|---|---|
| ) | |
| United States of America ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 21—CR-10208-NMG-7 |
| Andre Watson, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves charges arising from an investigation into a drug and money laundering conspiracy. Pending before the Court is a motion to suppress (Docket No. 436) by defendant Andre Watson ("Watson" or "defendant"). Defendant moves for the Court to suppress all communications intercepted pursuant to two Title III orders because those orders violated the Fourth Amendment and Title III. For the reasons laid out below, the motion will be denied.

**I. Motion to Suppress**

   **A. Factual Background**

In October, 2020, the Federal Bureau of Investigation ("FBI") commenced an investigation into potential drug

-1-

trafficking activity in New England.  Although that inquiry
initially centered on James Holyoke ("Holyoke"), it soon
expanded after a cooperating witness completed a series of
controlled purchases of methamphetamine from Holyoke and his
supplier, Reshat Alkayisi ("Alkayisi").  By April, 2021, the
government had seized approximately 12 pounds of pure
methamphetamine as a result of controlled purchases.

On May 5, 2021, the government submitted an application
seeking authorization to intercept wire and electronic
communications to and from the telephone of Alkayisi pursuant to
Title III of The Omnibus Crime Control and Safe Streets Act of
1968 ("Title III").  In support of that order, the government
submitted an affidavit from FBI Special Agent Maria Classon
("Special Agent Classon").  United States District Judge Denise
J. Casper found probable cause to believe that Alkayisi and
others were engaged in the commission of multiple criminal
offenses and issued the requested Order ("the May Order"), which
permitted the government to intercept Alkayisi's telephone
communications for 30 days.

In the May Order, Judge Casper directed the government to
take steps necessary to minimize the intrusion into Alkayisi's
communications.  Specifically, the May Order required that

> [a]ll monitoring of wire and electronic communications
> will be conducted in such a way to minimize the
> interception and disclosure of communications not
> relevant to the investigation, or otherwise criminal
> in nature.

A month later, Judge Casper issued another requested order ("the June Order"), which included identical minimization requirements to the May Order.

### B. Motion to Suppress

In his motion to suppress, defendant requests that all evidence derived from the May and June Orders be suppressed. He argues that those Orders are facially invalid because they permit agents to continue listening to calls that do not relate to the target offenses but are "otherwise criminal in nature." He insists the inclusion of that phrase violates the Fourth Amendment's prohibition against general warrants and fails to comply with Title III's particularity, probable cause and minimization requirements.

Defendant does not argue that the government failed to minimize non-pertinent calls when executing the May and June Orders but rather that those Orders violated both the Fourth Amendment and Title III on their face. Indeed, this Court has already held that the minimization efforts of the government

-3-

were plainly reasonable when denying the motion to suppress of a co-defendant of Watson.

### C. Application

The orders that Watson challenges are facially valid and comply with the Fourth Amendment and Title III.  In two separate cases before other sessions of this Court, United States District Chief Judge, F. Dennis Saylor, IV and United States District Judge Angel Kelley denied motions to suppress premised on the precise arguments made here. See United States v. Joseph, 2024 WL 456827 (D. Mass. Feb. 6, 2024) ("Joseph I"); United States v. Joseph, No. 21-CR-10338-AK, Docket No. 82 (D. Mass. Feb. 14, 2024) ("Joseph II").  Watson's challenge fares no better.

A warrant complies with the Fourth Amendment when it "particularly describe[s] the place to be searched, and the persons or things to be seized." Berger v. New York, 388 U.S. 41, 55 (1967) (quoting U.S. Const. amend. IV).  For a wiretap, the government must identify the telephone on which it plans to eavesdrop and the particular conversations it expects to record. United States v. Donovan, 429 U.S. 413, 427 n.15 (1977).  Here, the May and June Orders described the target telephone to be intercepted, listed the target offenses, set forth the circumstances in which communications could be intercepted by

-4-

law enforcement and provided specific procedures to ensure agents avoided impermissibly intruding into irrelevant communications.  The warrants were proper.  Government agents do not need to ignore unforeseen criminal conduct when executing an otherwise proper wiretap. See Joseph I, 2024 WL 456827, at *3 (comparing this principle to the plain-view doctrine of the Fourth Amendment).

The May and June Orders also comply with the statutory requirements of Title III.  Watson's objection to the "otherwise criminal in nature" language included in the May and June Orders is without merit.  As Judge Kelley explained, Title III expressly allows for the disclosure and use of intercepted communications relating to offenses other than those specified in an order. Joseph II, slip op. at *4-5 (citing 18 U.S.C. § 2517(5)).  That interception is improper only if motivated by an illicit purpose. Id. (citing United States v. London, 66 F.3d 1227, 1234 (1st Cir. 1995)).  Watson provides no reason to believe that the government's interception was so motivated.

**ORDER**

For the foregoing reasons, no hearing on defendant's motion to suppress (Docket No. 436) is necessary and it is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated March 6, 2024